UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LIBBY C. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:13-CV-84-TAV-CCS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

This case is before the Court on Plaintiff's Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 14 & 15] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 16 & 17]. Plaintiff Libby C. Wilson seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner").

The Plaintiff filed her application for a period of disability and disability insurance benefits under the Social Security Act on September 26, 2011, alleging disability since June 1, 2008, due to degenerative disk disease of the lumbar spine. Her application was denied initially and upon reconsideration. Plaintiff then requested a hearing, which was held before ALJ K. Dickson Grissom, in Knoxville, Tennessee, on May 2, 2012. The Plaintiff was present and testified. The ALJ issued an unfavorable decision on October 19, 2012, finding the Plaintiff was not disabled. The Appeals Council denied

Plaintiff's request for review of that decision; thus, the decision of the ALJ became the final decision of the Commissioner. The Plaintiff now seeks judicial review of the Commissioner's decision.

I. **ALJ FINDINGS**

The ALJ made the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on September 30, 2008.
>
> 2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of June 1, 2008 through her date last insured of September 30, 2008. (20 CFR 404.1571 *et seq.*).
>
> 3. Through the date last insured, the claimant had the following medically determinable impairments: degenerative disk disease of the lumbar spine (20 CFR 404.1521 *et seq.*).
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments (20 CFR 404.1521, *et seq.*).
>
> 5. The claimant was not under a disability, as defined in the Social Security Act, at any time from June 1, 2008, the alleged onset date, through September 30, 2008, the date last insured (20 CFR 404.1520(c)).

[Tr. 10-12].

II. **DISABILITY ELIGIBILITY**

To qualify for SSI benefits, plaintiff must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An

2

individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a).

"Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

3

> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

## III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a

4

reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if his ultimate decision was supported by substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

On review, Plaintiff bears the burden of proving his entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## IV. POSITIONS OF THE PARTIES

The Plaintiff argues that the ALJ erred in two respects. First, the Plaintiff asserts that the ALJ failed to consider the opinion of Plaintiff's treating source, Albert Cardwell, PA-C, in accordance with Social Security Ruling 06-03p. Second, the Plaintiff asserts that the ALJ did not properly evaluate the Plaintiff's credibility in accordance with Social Security Ruling 96-7p.

The Commissioner argues that the ALJ's decision is supported by substantial evidence. More specifically, the Commissioner asserts that Mr. Cardwell's opinion is not supported by his treatment notes or the record as a whole and, therefore, any failure by the ALJ to specifically address the opinion was harmless. Additionally, the Commissioner maintains that the ALJ properly considered all the evidence of record

6

which did not support the Plaintiff's subjective complaints of disabling pain or limitations.

## V. ANALYSIS

The Court will address the Plaintiff's allegations of error in turn.

### A. Albert Cardwell, PA-C

The Plaintiff argues that the ALJ's failure to consider the December 2011 opinion of physician assistant Albert Cardwell constitutes reversible error. Although the Plaintiff concedes that Mr. Cardwell is not an "acceptable medical source" under the regulations, the Plaintiff maintains that pursuant to Social Security Ruling 06-03p, the ALJ was obligated to address and weigh Mr. Cardwell's opinion.

On December 22, 2011, Mr. Cardwell completed a form entitled "Medical Source Statement-Physical," wherein Mr. Cardwell responded to a variety of short answer and multiple-choice questions regarding the Plaintiff's physical ability to do work. [Tr. 328-32]. Mr. Cardwell opined that the Plaintiff's impairments included moderate to severe degenerative disc disease. [Tr. 332]. As a result, Mr. Cardwell opined that as of January 2008, the Plaintiff would not "be reliable in attending an 8-hour day, 40-hour workweek, week after week, without missing more than 2 days per month" due to the Plaintiff's chronic back pain. [Tr. 328]. The Plaintiff was also reported to have problems with stamina and endurance, sleep, and lapses in her memory and concentration. [Tr. 330]. Mr. Cardwell explained that the frequency of memory and concentration problems could occur on a daily basis for several hours a day if the Plaintiff was on pain medication.

7

[Id.]. Mr. Cardwell also opined that the Plaintiff would need to lie down during the workday for variable amounts of time, would need more than three breaks during an eight-hour period, and would miss at least half a day of work twice a month. [Tr. 331].[1]

As previously stated, the claimant has the burden of proving a claim of disability. To meet this burden, the claimant may submit medical and non-medical evidence documenting his or her alleged impairment. 20 C.F.R. § 404.1513. Under the regulations, medical evidence may be provided by "acceptable medical sources," such as licensed physicians or psychologists, or "others sources," including other medical sources such as physicians' assistants, nurse practitioners, and therapists. Id. at § 404.1513(a)(1), (d)(1). Although the regulations instruct the ALJ to consider evidence from "other sources," they do not instruct how such evidence should be evaluated. Social Security Ruling 06-03p, however, provides guidance in this regard.

The ruling recognizes that,

> [w]ith the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed

---

[1] The Court notes that Mr. Cardwell did not provide an opinion regarding specific exertional limitations in the following areas: the Plaintiff's ability to sit, stand, and walk during an eight-hour workday; the frequency and amount of weight, if any, the Plaintiff could lift and carry; the Plaintiff's ability to bend, stoop, squat, kneel, climb stairs, crawl, reach above shoulders, walk on uneven surface, use right hand for fine manipulation, and use left hand for fine manipulation; and finally, whether the Plaintiff's impairment resulted in any environmental restrictions. [Tr. 329-30].

8

> "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

Soc. Sec. Ruling 06-03p, 2006 WL 2329939, at *3 (2006). The ruling states that the factors listed in 20 C.F.R. 404.1527(c)(2), which are used for evaluating the medical opinions of "acceptable medical sources" when they are not given controlling weight, remain guiding principles for determining the weight that should be given to opinions from "other sources." Id. These factors include: the frequency of examination, the consistency of the opinion with other evidence, the amount of relevant evidence supporting the opinion, the source's area of expertise, and any other relevant factor that supports or refutes the opinion. Id. at 4-5. However, not every factor need be weighed; the particular facts of each case should dictate what factors are appropriate for consideration in order to properly evaluate the opinion at hand. Id. at 5.

The ruling also provides guidance in regards to how an ALJ should explain his consideration of "other source" evidence. Id. at 6. Because the regulations instruct that all relevant evidence should be considered, the ALJ's opinion "should reflect the consideration of opinions from medical sources who are not 'acceptable medical sources.'" Id. at 6. Of particular significance, the ruling carefully points out that "there is a distinction between what an adjudicator must consider and what the adjudicator must explain." Id. The ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the

9

determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." Id.

In Cruse v. Comm'r of Soc. Sec., 502 F.3d 532, 541 (6th Cir. 2007), although the Sixth Circuit found that Social Security Ruling 06-03p was not binding on its review of the ALJ's decision as the ruling was promulgated after the decision was issued, the court noted that "[a]s it stands, the ALJ's decision was devoid of any degree of specific consideration of nurse practitioner Hasselle's functional assessments."  The court explained that, "[f]ollowing SSR 06-03P, the ALJ should have discussed the factors relating to his treatment of Hasselle's assessment, so as to have provided some basis for why he was rejecting the opinion." Id.  In Hatfield v. Astrue, No. 3:07-CV-242, 2008 WL 2437673, at *3 (E.D. Tenn. June 13, 2008), Judge Phillips observed that the language in Cruse was "indicative of strongly suggesting that the ALJ explain the weight, as opposed to leaving the decision whether to explain to the ALJ's discretion."

In the present matter, the ALJ's decision does not mention Mr. Cardwell's December 2011 opinion, much less explain the weight assigned to the opinion.  Based upon the complete disregard for Mr. Cardwell's opinion, the Court finds that the ALJ failed to comply with Social Security Ruling 06-03p and, therefore, the ALJ committed reversible error.  As the Plaintiff's main treating source, the Court finds that it was incumbent upon the ALJ to fully and fairly address the Plaintiff's treatment with Mr. Cardwell in making a disability determination.  Discussing several of Mr. Cardwell's

treatment notes generated during the Plaintiff's visits in 2008 did not fulfill or alleviate the ALJ's responsibilities under Social Security Ruling 06-03p. Moreover, the Court observes that Mr. Cardwell's December 2011 opinion is the only medical source statement, or opinion of record for that matter, regarding the Plaintiff's physical ability to do work related activities. In short, the ALJ's failure to follow his own administrative rules prevents a subsequent reviewer to follow the ALJ's reasoning for disregarding Mr. Cardwell's opinion. Because of the omission, the Court is unable to find that substantial evidence supports the ALJ's decision.[2]

A review of other Social Security disability cases reveals that the failure to address and weigh the opinions of "other sources" is error. See Payne v. Astrue, No. 2:10-CV-046, 2011 WL 540306, at *3-4 (E.D. Tenn. Feb. 7, 2011) (holding that the ALJ's failure to consider the opinion of the plaintiff's treating chiropractor was a breach of the ALJ's duties and prevented the court from conducting a meaningful review); Maynor v. Astrue, 3:10-CV-168, 2011 WL 3207871, at *5 (E.D. Tenn. July 8, 2011) adopted by 3:10-CV-168, 2011 WL 3206470, a *1 (E.D. Tenn. July 28, 2011) (finding that the ALJ's failure to

---

[2] The Court notes that the Commissioner also argues that Mr. Cardwell's opinion is tenuous at best due to the date of the assessment. Although Mr. Cardwell's assessment was opined three years after the Plaintiff's last date insured, the opinion relates back to the relevant time period as Mr. Cardwell specifically indicated in his assessment that his opinion was based upon the Plaintiff's condition and treatment received prior to September 30, 2008. [Tr. 331]. Thus, the Commissioner's argument in this respect is without merit. See Wirth v. Comm'r of Soc. Sec., 87 F. App'x 478, 480 (6th Cir. 2003) (holding that post-dated evidence is relevant if it "relate[s] back to the claimant's condition prior to the expiration of her date last insured") (citing King v. Sec'y of Health and Human Servs., 896 F.2d 204, 205-06 (6th Cir. 1990)).

11

expressly discuss a medical assessment completed by a nurse practitioner and a mental assessment completed by a licensed social worker constituted procedural error); Sommer v. Astrue, No. 3:10-CV-99, 2010 WL 5883653, at *4 (E.D. Tenn. Dec. 17, 2010) adopted by No. 3:10-CV-99, 2011 WL 766264, at *1 (E.D. Tenn. Feb. 25, 2011) (finding that the ALJ erred by not providing a basis for discounting the opinion of plaintiff's nurse practitioner) ; see also Boran ex rel. S.B. v. Astrue, No. 1:10CV1751, 2011 WL 6122953, at *15 (N.D. Ohio Nov. 22, 2011) adopted by No. 1:10 CV 01751, 2011 WL 6122948, *1 (N.D. Ohio Dec. 9, 2011) (holding that the ALJ's failure to discuss the opinions of plaintiff's mental health case managers denoted a lack of substantial evidence); Barnes v. Comm'r of Soc. Sec., 12-CV-15256, 2013 WL 6328835, at *14 (E.D. Mich. Dec. 5, 2013) (finding that the failure to explain the weight assigned to a physician assistant's opinion in accordance with Social Security Ruling 06-03p was reversible error).

The Commissioner argues that the omission was harmless because Mr. Cardwell's opinion was inconsistent with his own treatment notes and other evidence in the record, as well as the conservative nature of Plaintiff's treatment. Although the Commissioner makes some valid arguments, the ALJ's decision did not consider, explain, or weigh Mr. Cardwell's opinion. The Court acknowledges the Commissioner's arguments as to the shortcomings and inconsistencies alleged as to Mr. Cardwell's opinion, and it may well be that the ALJ will agree with these assessments. If so, the Court can then evaluate the

ALJ's reasoning. However, the Court can neither substitute its own reasoning nor the Commissioner's proposed arguments for this omission. See Hyatt Corp. v. N.L.R.B., 939 F.2d 361, 367 (6th Cir. 1991) (rejecting appellate counsel's *post hoc* rationalization for an agency's decision where no such explanation was enunciated in the decision, and holding that "[c]ourts are not at liberty to speculate on the basis of an administrative agency's order") (citations omitted). Without such reference, there is nothing for the Court to evaluate in order to conduct a meaningful review of the disability determination. See Blakley v. Comm'r Of Soc. Sec., 581 F.3d 399, 409 (6th Cir. 2009) (holding that "the ALJ's failure to follow the Agency's procedural rule does not qualify as harmless error where we cannot engage in 'meaningful review' of the ALJ's decision") (quoting Wilson, 378 F.3d at 544).

Accordingly, the Plaintiff's allegation of error in this regard is well-taken. On remand, the ALJ is to explain: (1) what weight, if any, he gives Mr. Cardwell's December 2011 opinion; (2) his basis and reasoning for the determination; and (3) what effect, if any, it has on his overall decision.

### B. Plaintiff's Credibility

Next, the Plaintiff argues that the ALJ did not perform a proper evaluation of the Plaintiff's credibility. More specifically, the Plaintiff contends that the ALJ's failure to address Mr. Cardwell's opinion demonstrates that the ALJ did not fully evaluate the

13

evidence of record in accordance with Social Security Ruling 96-7p.³  Because "[t]he limitations assessed by Mr. Cardwell are indicative of disability, evince a severe impairment, and bolster Plaintiff's credibility," the Plaintiff argues that the ALJ's failure to address Mr. Cardwell's opinion was reversible error.  [Doc. 15 at 6].

Having concluded that a remand is necessary in order for the ALJ to evaluate Mr. Cardwell's opinion, the Court need not address this remaining issue.  Upon remand, it is assumed that the ALJ will reevaluate the Plaintiff's credibility regarding her subjective complaints and/or limitations in light of the his treatment of Mr. Cardwell's opinion.  However, to the extent that the Plaintiff is still unsatisfied in this regard, she is free to raise the issue again on appeal.

## VI.   CONCLUSION

Based upon the foregoing, the Commissioner's Motion for Summary Judgment [**Doc. 16**] is **DENIED**; and the Plaintiff's Motion for Judgment on the Pleadings [**Doc.**

---

³ The ruling provides, in pertinent part, the following:

> [W]henever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.  This includes the medical signs and laboratory findings, the individual's own statements about the symptoms, any statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record.

Soc. Sec. Ruling 96-7p, 1996 WL 374186, at *2 (1996).

**14**] is **GRANTED** to the extent that this case shall be remanded to the Commissioner to evaluate Mr. Cardwell's opinion and to reevaluate the Plaintiff's work limitations.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

ENTERED AS A JUDGMENT

s/ Debra C. Poplin
CLERK OF COURT